NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUANE YOUNG,<br><br>                    Plaintiff,<br><br>      v.<br><br>WIPRO LIMITED,<br><br>                    Defendant. | Civil Action No. 25-14949 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Wipro Limited's Motion to Dismiss Plaintiff's First Amended putative collective action Complaint (ECF No. 21) under Federal Rule of Civil Procedure (Rule) 12(b)(6).  (ECF No. 25.)  Plaintiff Duane Young opposed, and Defendant replied. (ECF Nos. 28-29.)   The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendant's Motion is **DENIED**.

## I.      BACKGROUND

### A.      Factual Background[1]

Defendant is a global technology company that "provides customer service outsourcing services to clients" throughout the United States.  (ECF No. 21 ¶¶ 20-22.)  Plaintiff worked for

---

[1]      On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

Defendant as a remote employee between October 2023 and March 2024. (*Id.* ¶ 19.) As an Associate, Plaintiff's duties included handling inbound customer service calls and providing support services to callers. (*Id.* ¶ 28.) Plaintiff's "typical schedule was 11:30 a.m. to 8:00 p.m., Monday through Friday, with a 30-minute unpaid lunch period." (*Id.* ¶ 26.) Plaintiff alleges that "[a]s such, Plaintiff['s] . . . standard schedule was to work 40 hours per week." (*Id.*) Plaintiff was compensated at an hourly rate of $15 per hour. (*Id.* ¶ 19.)

Plaintiff alleges that Defendant required Associates to "be fully logged into Defendant's computer network, customer systems, and phone systems and ready to take calls at the exact start of their scheduled shifts." (*Id.* ¶ 31.) To satisfy this requirement, Associates had to "perform pre-shift boot-up and login activities before clocking into Defendant's timekeeping system." (*Id.* ¶ 32.) These computer programs and applications were "integral and indispensable" to Associates' job duties because Associates could not perform their work without access to those systems. (*Id.* ¶ 33.) These pre-shift activities took, on average, 15 to 20 minutes to complete, depending on computer and system performance. (*Id.* ¶ 35.) Associates who failed to complete the login procedures before the start of their shift were penalized for tardiness. (*Id.* ¶ 36.)

Plaintiff "completed these pre-shift work activities before every shift." (*Id.* ¶ 41.) However, Defendant did not compensate Plaintiff or other Associates for time spent complying with this requirement. (*Id.* ¶ 40.) Because he and the other Associates "typically worked scheduled shifts of at least 40 hours per week," the required pre-shift work was "nearly always overtime work." (*Id.* ¶ 42.)

### B.    Procedural Background

Plaintiff filed this action on August 27, 2025. (ECF No. 1.) On December 22, 2025, Plaintiff filed an Amended Complaint asserting a putative collective action on behalf of "current

and former hourly customer service associates, call center agents, or similar positions, who worked for Defendant at any time during the past three years."[2]  (ECF No. 21 ¶ 11.)

The Amended Complaint asserts a single claim pursuant to § 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, alleging that Defendant willfully violated the FLSA by failing to compensate employees at the correct overtime rate for overtime hours associated with pre-shift activities.  (ECF No. 21 ¶ 1.)  On February 20, 2026, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).  (ECF No. 25.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab.*

---

[2]    The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

*Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B.    Rule 8

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 'requires a "showing," rather than a blanket assertion, of entitlement to relief.'") (citations omitted). Thus, the Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (affirming dismissal where plaintiff did not plead facts to support the bare assertion that confidential information was disclosed in violation of the duty of good faith and fair dealing). The facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a

'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. <u>DISCUSSION</u>

Defendant's Motion makes one argument: the Court should dismiss Plaintiff's Amended Complaint because Plaintiff has failed to satisfy the pleading standard for overtime claims as articulated by the Third Circuit in *Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014).  (ECF No. 25-1 at 8-9.)[3]  In response, Plaintiff argues that the Amended Complaint sufficiently alleges a plausible overtime claim under *Davis*.  (ECF No. 28 at 8.)

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract," and it "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Genesis Healthcare Corp v. Symczyk*, 569 U.S. 66, 69 (2013).  Under the FLSA, employers must pay employees a minimum hourly wage, and they must compensate employees one and one-half times their regular wage for hours exceeding a workweek of forty hours.  29 U.S.C. §§ 206, 207(a)(1).  Employers that violate the FLSA's guarantees are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Davis*, 765 F.3d at 241 (quoting 29 U.S.C. § 216(b)).

In *Davis*, the Third Circuit considered the level of detail necessary to plead a FLSA overtime claim and adopted a "middle-ground approach." *Id.*  Under this standard, "to state a

---

[3]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of the [forty] hours." *Id.* at 242 (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)) (emphases in original). The Third Circuit held that, under this pleading standard, a plaintiff need not "identify the exact dates and times that [he] worked overtime," but still must "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week include an assertion that the employee worked additional hours during such a week." *Id.* at 243 n.7. Determining whether an allegation amounts to a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 242-43 (quoting *Iqbal*, 556 U.S. at 679).

Applying that standard, the Third Circuit held in *Davis* that the plaintiffs failed to state a plausible overtime claim. *Id.* at 243. Although the plaintiffs alleged that they "typically" worked 32- to 40-hour workweeks and "frequently" worked extra time, none alleged "a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Id.* at 242-43. The court explained that the plaintiffs' complaints failed to allege the requisite "connect[ing] of the dots" between their typical workweek and overtime occurrences and therefore did not plausibly allege overtime work in excess of forty hours in a single workweek. *Id.* at 243. However, the Third Circuit clarified that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice" to survive a motion to dismiss. *Id.*

6

In *Bowman v. Securitas Security Services USA, Inc*, the court denied the defendant's motion to dismiss where the plaintiff alleged that she "typically" worked eight hours a day, five days a week, and additionally performed ten to fifteen minutes of off-the-clock post-shift work "each week," and attended monthly pre-shift briefings.  Civ. No. 23-22507, 2026 WL 657277, at *3 (D.N.J. March 9, 2026).  The court reasoned that the plaintiff's allegation that she performed uncompensated post-shift work "each week" supplied the necessary connection between her typical forty-hour schedule and the alleged overtime work that was absent in *Davis*.  *Id.*  Likewise, in *Hansen v. Novitium Energy LLC*, the court found that allegations that the plaintiff was scheduled to work 10-hour days on weekdays, "usually worked through her lunch break," and "frequently worked beyond 8:00 p.m. and on weekends" permitted the inference "that her 'typical' hours overlapped with the 'frequent' occurrences which could have led to uncompensated overtime."  Civ. No. 23-21077, 2024 WL 4024172, at *4 (D.N.J. Aug. 30, 2024).  The court explained that while the plaintiff did not provide "abundant detail" regarding the alleged overtime hours, such specificity is not required at the pleading stage.  *Id*; *see also Ward v. Cottman Transmission Sys., LLC*, Civ. No. 18-2155, 2019 WL 643605, at *7 (D.N.J. Feb. 14, 2019) (holding that allegations that the plaintiff "typically worked forty hours a week" and "typically worked sixteen additional hours above those forty hours" satisfied the *Davis* standard); *Brown v. Apotheker & Assoc. P.C.*, Civ. No. 17-3994, 2018 WL 1605148, at *2 (D.N.J. Apr. 3, 2018) (finding that the plaintiff's allegations that he was "typically scheduled" to work forty hours per week and "typically" worked an average of ten hours in excess of forty hours during such workweeks satisfied *Davis*).

Here, Plaintiff's allegations, accepted as true, plausibly state an FLSA overtime claim under *Davis*.  Plaintiff alleges that his "standard schedule was to work 40 hours per week" and that, before "every shift," has was required to perform approximately fifteen to twenty minutes of

7

uncompensated pre-shift work. (ECF No. 21 ¶¶ 26, 35, 41.) Drawing all reasonable inferences in Plaintiff's favor as the Court must, these allegations permit the inference that Plaintiff performed uncompensated work during the same weeks in which he already worked a standard forty-hour schedule. As in *Bowman*, *Hansen*, *Ward*, and *Brown*, Plaintiff alleges facts supporting the reasonable inference that the uncompensated work occurred in addition to his standard forty-hour workweek.

Defendant's brief focuses primarily on Plaintiff's use of the terms "typical" and "standard." (*See* ECF No. 25-1 at 9-10.) However, *Davis* did not hold that Plaintiffs could not use such terms to state a plausible claim. Rather, *Davis* requires Plaintiff to allege facts supporting a reasonable inference that he worked forty hours in a single workweek as well as overtime during that same week. 765 F.3d at 243. The deficiency in *Davis* was not the plaintiffs' use of generalized descriptors, but their failure to allege facts that allowed the court to infer that plaintiffs worked both forty hours as well as uncompensated overtime in the same week. *Id.*[4]

Accordingly, Plaintiff has plausibly alleged that he performed uncompensated work in excess of forty hours per week.

---

[4] Defendant also cites multiple cases in support of its Motion, but they are all inapposite. *See Naqvi v. Domino's IP LLC*, Civ. No. 25-2672, 2025 WL 3617733, at *2 (D.N.J. Dec. 12, 2025) (dismissing an FLSA claim because it lacked factual allegations regarding plaintiff's employment status, work schedule, and overtime occurrences, not because of a *Davis* pleading issue); *see also Johnson v. NCAA*, 108 F.4th 163, 184-85 (3d Cir. 2024) (concurring opinion) (referencing the *Davis* pleading standard but not evaluating the sufficiency of an FLSA overtime claim, rather addressing concerns regarding the certification of an FLSA collective action); *Green v. 712 Broadway, LLC*, Civ. No. 17-991, 2018 WL 2754075, at *3-4 (D.N.J. June 8, 2018) (analyzing the sufficiency of allegations regarding the existence of an employment relationship under the FLSA rather than the sufficiency of an overtime claim under *Davis*).

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 25) is **DENIED**.  An appropriate Order follows.

Dated: July 9, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

9